(No. 37704.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ZANNIE ROBERSON, Plaintiff in Error.

*Opinion filed January 22, 1964.*

SHERMAN D. WEIS and ANDREW S. ADSIT, both of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and ELMER C. KISSANE and JOHN J. O'TOOLE, Assistant State's Attorneys, of counsel,) for the People.

Mr. CHIEF JUSTICE KLINGBIEL delivered the opinion of the court:

The defendant, Zannie Roberson, pleaded not guilty to indictments returned by the grand jury of Cook County charging him with the crimes of murder and assault with intent to commit murder. The indictments were consolidated for trial and the defendant waived his right to trial by jury. The court found him guilty on both charges and he was sentenced to the penitentiary for a term of not less than one nor more than twenty years on the assault charge, and to a term of twenty years for the crime of murder. A writ of error has issued to review the judgments of conviction.

Because of the nature of the contention advanced by the defendant on the writ of error, it is not necessary to discuss the State's evidence in detail. It is sufficient to say that the evidence introduced by the State showed that the defendant shot two of the children of Eugene Davis. One child was killed and the other was wounded. At the conclusion of the State's case, the court asked defense counsel whether he had any evidence and counsel replied that he had. The court then advised counsel that he might proceed and defense counsel called the defendant as a witness in his own behalf. The defendant testified that on the night in question he had been drinking to a considerable extent. While he was asleep in his car, Davis opened the car door and stole his wallet. He reported the theft to the police but they told him that they didn't believe him. He then went home and picked up his gun and went to Davis's house. Davis and his wife were standing near their back door as the defendant approached and the defendant told Davis he wanted his money. Davis ran inside the house and the defendant shot at him. The defendant followed Davis into the house and shot at him again. When Davis ran outside the defendant shot at him a third time. The defendant testified that he had no intention to shoot any of Davis's children. The defendant then went home and shortly thereafter Davis came to the defendant's house and told the defendant that he had killed one of Davis's children.

The court, in announcing his finding of guilty, remarked that even according to the defendant's own testimony, he was guilty of the crimes charged in the indictment. The defendant contends that the court should not have permitted him to testify in his own behalf without fully explaining to him that he had the right to refuse to testify if he felt that his testimony might incriminate him. The defendant has cited several cases in support of his contention, the most recent of which is *People* v. *Jackson*, 23 Ill.2d 263. In that case the trial court admitted in evidence a transcript

of certain proceedings at a preliminary hearing in which the defendant had admitted his guilt. We held that this evidence was improperly admitted. In that case the defendant was not represented by counsel at the time of the preliminary hearing and he did not testify at his own request but was called as a witness by the prosecutor. The situation in the present case differs markedly from that in *Jackson*. Here, the defendant was represented at the trial by counsel of his own choice and he was called as a witness by his own attorney and not by the prosecutor. We do not find it necessary to discuss in detail the other cases cited by the defendant in support of his contention. In all of these cases, it appears that the defendant was not represented by counsel at the time he testified. In the defendant's brief, it is conceded that no case had been found in which it had been held that a defendant represented by counsel must be advised by the court of his right to refuse to testify. In the present case the defendant was represented by counsel of his own choice and we are of the opinion that it was not necessary for the trial judge to advise the defendant that he need not testify. His voluntary testimony at the request of his own attorney waived the constituional privilege against self-incrimination. The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*