THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v*. MICHAEL EUGENE TEMPEL, Defendant-Appellant.

(No. 11292;

Fourth District—April 16, 1971.

Morton Zwick, of Defender Project, of Chicago, (Frederick F. Cohn, of counsel,) for appellant.

Basil G. Greanias, State's Attorney, of Decatur, for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

The defendant was indicted for burglary. Upon his plea of guilty, he was placed on probation for a period of one year. Thereafter, within the one-year period, it was alleged that he violated the terms and conditions of his probation in that he did "commit the offense of Burglary, in that he entered the building known as Young's Laundry Village, located at 2510 East William Street, Decatur, Illinois, in case number 69-CR-1787." The alleged probation violation was set for hearing on January 19, 1970. The record of that hearing indicates as follows:

"THE COURT: What is the next matter, Mr. Fuller?

MR. FULLER [defense counsel]: Tempel. This is on another file.

MR. SEE [Assistant State's Attorney]: 69-CR-1288.

THE COURT: All right. On the criminal docket 69-CR-1288, People versus Michael Eugene Tempel.

MR. FULLER: There is a report of violation of probation filed.

THE COURT: Yes, I'm looking at the docket sheet, and on December 5 there was shown a report filed, bond fixed, and thereafter counsel appointed; on December 11th was called for hearing and cause continued to today [January 19, 1970], and now then, what is called up is a hearing on that alleged violation. Is that right, Mr. Fuller?

MR. FULLER: Yes, Your Honor, the defendant admits that he has violated the terms and conditions of his probation in the manner as set forth in that report.

THE COURT: All right, let the record show that the report of violation is again called for hearing. The defendant admits the alleged violation, to-wit: that he has violated his probation by committing another criminal offense as set forth in 69-CR-1787.

With that admission let's go to Mr. See of the State's Attorney's office as to the disposition to be made as to this violation.

MR. SEE: Court please, the People feel this should be treated as grounds for termination and revocation of probation, and feel that sentence should be imposed at this time.

THE COURT: The position of your office is that this is a matter of substance and sentence should be imposed. Right?

MR. SEE: Yes, sir.

THE COURT: Let's hear then from defendant as to that recommendation. I think it is rather obvious, isn't it?

MR. FULLER: It is, your Honor.

THE COURT: I think that that's the only disposition that could be made in this cause. Let the order be that probation is terminated. Cause continued as to imposition of sentence." (Rec. pp. 78-79.)

\* \* \*

Upon this revocation of the probation and following a discussion as to sentence at which the defendant through his counsel waived hearing in mitigation, the defendant was sentenced to a term of not less than two nor more than ten years in the Illinois State Penitentiary. This appeal is from the revocation of probation and sentence.

It is here contended that the petition to revoke probation was deficient in that it did not sufficiently set forth a violation of probation and that the revocation of probation was invalid due to the absence of a personal acknowledgment by the defendant of the charged violation or the proof of such violation. Finally, it is contended that defendant was denied the effective assistance of counsel.

■■ Section 117—3 of ch. 38, Ill. Rev. Stat. 1969, sets forth the procedures to be followed upon revocation of probation. Essentially, the procedures there provided and outlined in the many cases cited thereunder are that, if during the period of probation there is an alleged violation and a petition charging such violation is presented to the court a warrant issues and a hearing is conducted on the issue of probation violation; if it is determined that there has been a violation, the court may alter the terms and conditions of probation or imprison the probationer for a term not to exceed that which is prescribed for the offense. A defendant charged with probation violation is entitled to counsel but not a jury trial on the issue of violation. The State has the burden of proving a violation by a preponderance of the evidence. (*People v. Price* (2nd Dist. 1960), 24 Ill.App.2d 364, 164 N.E.2d 528; *People v. White* (4th Dist. 1968), 93 Ill.App.2d 283, 235 N.E.2d 393.) The sentence to be imposed is for the original offense and not for the subsequent conduct. If the subsequent conduct constitutes another offense the defendant should

be tried for such offense and sentence imposed therefor under orderly criminal processes. *People v. White; People v. Lillie* (5th Dist. 1967), 79 Ill.App.2d 174, 223 N.E.2d 716.

■■■ A proceeding for the revocation of probation is a crucial stage in a criminal case where the substantial rights of an accused may be affected, and he is entitled to counsel. *Mempa v. Rhay* (1967), 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336. He is likewise entitled to notice sufficient to inform him as to the nature of the conduct alleged to constitute the grounds for revocation. Such notice need not, however, identify the alleged conduct with the same specificity as is required of an indictment or an information. Here the petition to revoke setting forth the conduct described the act in the terms of a subsequent offense of burglary and described the premises. Such was sufficient to fully inform and to permit of preparation by the defendant and his counsel. Thus, we cannot say that the defendant did not know of the nature of the charges against him. In *People v. Viar* (No. 11325), (Ill.App.2d), (N.E.2d) (4th Dist. 1971), we discussed the sufficiency of an information with reference to burglary and there noted the necessary allegations with reference to the sufficiency of an information in a burglary case.

■■ This record demonstrates that counsel admitted the violation without protest from the defendant. Undoubtedly, it would be much preferred that the substance of the procedure set forth in Supreme Court Rule 402, relating to pleas of guilty, be followed so as to ascertain from the defendant his personal admission and to have the record reflect that there is a factual basis for such admission. Absent an admission by the defendant the State would be put to prove the violation as alleged. Here, however, the defendant, through his counsel, entered into what is in effect an evidentiary stipulation at the hearing. Stipulations by counsel as to matters of fact within the scope of professional functions bind their clients as judicial admissions and constitute competent evidence. *People v. Danno* (Gen. No. 54078), (Ill.App.2d), (N.E.2d) (1st Dist. 1971).

■■■ Finally, we cannot say from our review of this record that the defendant was denied the effective assistance of counsel. It is true, as the appellant now urges, that counsel admitted the violation and declined the opportunity to submit matters in mitigation. The right to counsel means the right to effective representation. (*Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493.) We are in accord with the statement that counsel should act as an advocate and within the standards as expressed by the American Bar Association in the Project on Standards for Criminal Justice relating to prosecutors' functions and defense functions (Tentative draft, 1970). Defense counsel should present to the court any ground which will assist the court in reaching a

proper disposition. We cannot say from this record that there was a violation of such duty. Counsel, of course, could have made a recommendation as to sentence and could have cited the Committee Comments with reference to par. 117—3 of ch. 38 Ill. Ann. Stat., indicating a belief by the Committee as to the appropriate sentence. Such recommendation by counsel, however, is a recommendation only and is in no way binding on the court. *People v. Kessler* (1969), 41 Ill.2d 501, 244 N.E.2d 142.

We cannot as a matter of supposition determine that the defendant might have had a defense, might not have violated his probation, might have had matters that could have been presented in mitigation, and that might have warranted a lesser sentence even if the violation was shown by evidence. If we were to undertake supposition, such could relate to matters in aggravation as well as mitigation upon this direct appeal and the record as we find it. The judgment of the Circuit Court of Macon County must be affirmed.

Judgment affirmed.

SMITH, P. J., and TRAPP, J., concur.