(No. 46408.–

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. ALICE M. HARDER, Appellant.

*Opinion filed January 21, 1975.*

James J. Doherty, Public Defender, of Chicago (Thomas F. Finegan and Ronald P. Alwin, Assistant Public Defenders, of counsel), for appellant.

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (James B. Zagel, Assistant Attorney General, and Patrick T. Driscoll, Jr., and John F. Brennan, Assistant State's Attorneys, of counsel), for the People.

MR. JUSTICE RYAN delivered the opinion of the court:

This is an appeal from an order of the circuit court of Cook County revoking the probation of the defendant, Alice M. Harder, and sentencing her to a period of from one to three years in the Illinois State Reformatory for Women. The appellate court affirmed (15 Ill. App. 3d 968), and we granted leave to appeal.

On February 11, 1972, the defendant, Alice M. Harder, pursuant to a negotiated plea, entered a plea of guilty to the offense of theft. She received a sentence of five years' probation. Under this sentence she was to serve the first 90 days of her probation in the House of Correction in the city of Chicago under a work-release program. She was ordered to make restitution in the amount of $100 each payday (every two weeks) for the first 90 days and thereafter in the amount of $50 every payday during the term of her probation. Total restitution in the amount of $6500 was ordered.

The defendant repaid $400 pursuant to the provisions of the probation order during her work-release program, and on May 22, 1972, she paid $50 directly to the complainant. On July 20, 1972, the probation officer filed

with the circuit court of Cook County an unsworn pleading which charged that the defendant had failed to report to the probation officer since she had been placed on probation and alleged that she had only paid $450 by way of restitution, leaving a balance due of $6,050. The court entered a rule on the defendant to show cause why the probation should not be terminated and a hearing was conducted before the court.

At the hearing no witnesses were called on behalf of the State and no testimony or evidence was presented. After the clerk called the case for a hearing, an assistant probation officer and not the assistant State's Attorney responded, informing the court of the nature of the proceedings as follows:

"In this matter this is a hearing on continuation of probation and Mrs. Harder is here and I believe the complainant in this case is also here. You placed Mrs. Harder on probation *** for a period of five years after conviction of theft. ***

We now report to the court that said Alice Harder has failed to report since she was placed on probation. ***

We further report that said Alice Harder has paid $400 on restitution through the work-release program and on May 22, 1972, she paid $50 direct to the complainant leaving a balance of $6,050 to be paid through the Adult Probation Department. ***"

The defendant's attorney then informed the court that the amount of payments that had been stated by the assistant probation officer was correct and informed the court that the defendant is delinquent in her payments because her husband had been injured and is unemployed and that the defendant is now the sole support of her family. Because of this she was unable to make any payments other than those which had been enumerated. Her attorney also informed the court that the defendant

was at that time in the process of obtaining a loan from a bank to be used in making a lump-sum payment for the amount which was past due.

Following this the assistant State's Attorney addressed the court and recommended that probation be revoked and that the defendant be sentenced to a period of from one to three years. The court asked if the complaining witnesses felt that the defendant should be sent to the penitentiary rather than making restitution, and the assistant State's Attorney responded that he had discussed this matter with the complaining witness and that she felt that the defendant should be sentenced to imprisonment. The court then stated:

> "Well, there is nothing I can do—my hands are tied. She violated my probation. I am sorry for her problems. Money problems are a terrible thing and it's still a crime of nonviolence."

The defense attorney urged that there were mitigating circumstances surrounding her failure to make the payments and the court responded:

> "Well, of course, mitigating circumstances is one thing and not complying is another.
>
> I'm sorry. The State is asking for it and there is nothing that I can do. *** and I know this is a beautiful record, but does everybody understand what I am saying? You'll be coming in here for the whole five years and I'm sorry the lady couldn't comply. ***"

The defendant herself then explained to the court that she was in the process of procuring a loan and that she would make the payments. She again explained about her husband's injury and the medical expenses she incurred as a result thereof.

The Unified Code of Corrections provides:

> (d) "Probation *** shall not be revoked for failure to comply with conditions of a sentence which imposes financial obligations upon the offender unless such failure

is due to his wilful refusal to pay." (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—4(d).)

In *People v. Boucher*, 57 Ill.2d 225, we held that under the Unified Code of Corrections probation is a sentence and that the sentencing provisions of the Code are applicable to cases pending on a direct appeal at the time of its effective date, if the sentence modification established by the Code prescribes a lesser penalty. We there concluded that the provisions of the above-quoted section applied to the probation-revocation proceedings under review in that case.

We likewise conclude that the provisions of this section of the Code are applicable to the probation-revocation proceedings now under consideration and that it is therefore incumbent upon the State to prove that the defendant's failure to make restitution as required by the order was a willful refusal to pay. We find that the State has not met this burden.

The trial court made no finding that the defendant's failure to make the required payments in restitution was willful, and indeed there is nothing in the record which would have supported such a finding. In *Boucher* the trial court noted that when probation was granted the defendant had acknowledged his ability to pay under circumstances he was then claiming as precluding payment. In that case, we stated that the record was insufficient to determine the character of the defendant's noncompliance. In the present case the record clearly shows that the noncompliance by the defendant was caused by circumstances which had not existed when she agreed to make restitution but which had arisen subsequent to the entry of the order. The State showed only the fact of nonpayment and did not contest the defendant's explanation or her statement that she was in the process of procuring a loan to pay the arrearage. We therefore consider that the court erred in revoking the defendant's probation for failure to make the restitution payments. Unlike *Boucher,* the record

here is sufficient to determine that the State has not proved that the failure to make the restitution payments was willful. It is therefore unnecessary to remand this cause to the circuit court as we did in *Boucher*.

The State contends that aside from the failure to make the restitution payments the revocation of probation was authorized because of defendant's failure to report to the probation officer as required by the probation order. No evidence was offered which established that the defendant did not report as ordered. The unsworn pleading which was filed with the court alleged among other things that the defendant had not reported. When the case was called for a hearing as noted above, the assistant probation officer acting in the manner of a prosecutor immediately proceeded to inform the court of the nature of the proceedings. In doing so he stated that the defendant had failed to report as ordered. He was not sworn as a witness, and he was not then testifying. This statement was not evidence and carried no more weight than a statement made to the court by a prosecutor. Neither the defendant nor her counsel during the course of the hearing admitted this charge. There is thus nothing in the record to support the revocation of the defendant's probation for her failure to report to a probation officer as ordered.

The judgments of the appellate court and of the circuit court of Cook County are reversed.

*Judgments reversed.*