THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
MICHAEL NOWMAN, Defendant-Appellant.

Third District   No. 79-910

Opinion filed August 8, 1980.

Robert Agostinelli and Verlin R. F. Meinz, both of State Appellate Defender's Office, of Ottawa, for appellant.

L. Patrick Power, State's Attorney, of Kankakee (John X. Breslin, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This is an appeal from an order of the circuit court of Kankakee County revoking the defendant's probation and sentencing him to a term of three years in the penitentiary. On November 27, 1978, a two-count information was filed against the defendant, Michael Nowman, charging him with burglary and theft. At a hearing on February 26, 1979, Nowman entered a negotiated plea of guilty to the offense of burglary and was placed on three years' probation. Among the terms of that probation were that defendant report monthly to the probation officer; that he pay court costs within six months; that he pay a fine of $750 within the first 30 months of probation at a rate of not less than $25 a month; and that he work and support himself and his dependents or any dependents he may

come to have. On August 1, 1979, the State's attorney of Kankakee County filed a petition to revoke Nowman's probation, alleging that he had wilfully failed to pay $698.30 of the fine at $25 per month and that Nowman had wilfully failed to support his dependents.

A hearing on the petition was held on October 15, 1979, at which Selden Marquart, the chief probation officer for Kankakee County, and Diane Nowman, defendant's ex-wife, testified. Marquart testified that Nowman had reported to his office and filled out the forms as required. On Nowman's first trip to the office, he reported that he was employed. In his April trip to the office, he stated he was unemployed and left blank the space where he was to indicate what efforts he was making in securing employment. At the May meeting, Nowman indicated he was working for Illinois Fabricators. In June, defendant was once again unemployed, having been laid off by Illinois Fabricators, and listed four places at which he had unsuccessfully sought employment. Marquart advised defendant to check with Lang Distributors since they had a job opening. In July and August, defendant reported to the office and was still unemployed. He had not applied to Lang Distributors nor had he sought any other employment, saying he hoped to be called back to work at Illinois Fabricators.

Diane Nowman, defendant's ex-wife, then testified that she had received no support from the defendant since June 9, 1979, and that one week prior to the hearing defendant owed her $570. Following a stipulation that court costs had been paid in full from defendant's bond with the remaining amount being applied to the fine, the State rested its case. Defense counsel moved to dismiss the petition, arguing in part that the State had not shown that the defendant had wilfully failed to pay the money. The court denied the motion. No evidence was presented on defendant's behalf. The court then found that defendant had violated his probation by failing to make the required payments and that defendant's failure to find work was wilful.

A sentencing hearing was conducted on October 30, 1979. Defendant assumed the stand and testified he had been seeking employment since being laid off by Illinois Fabricators. Two weeks prior to the sentencing hearing defendant had secured a job at Cooley Brothers Body Shop where he was currently working. The State offered no recommendation regarding sentence, and defense counsel argued for extension of defendant's probation and additional time to pay whatever court costs and fine remained. Noting what it felt was defendant's sporadic work record, including quitting and being fired from some positions, and the presentence report, the court sentenced the defendant to a term of three years' imprisonment.

■■ Defendant's first issue on appeal is whether the State failed to prove

that the defendant's failure to comply with the financial obligations imposed upon him as a condition of his probation was wilful. Section 5—6—4(d) of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1005—6—4(d)) provides that "Probation * * * shall not be revoked for failure to comply with conditions of a sentence * * * which imposes financial obligations upon the offender unless such failure is due to his wilful refusal to pay." The burden is on the State to prove that a defendant's failure to comply with financial conditions of a sentence of probation was wilful. (*People v. Harder* (1975), 59 Ill. 2d 563, 322 N.E.2d 470.) Defendant argues that his failure to meet his financial obligations was not wilful, but was caused instead by conditions beyond his control, *i.e.*, the fact that he was unemployed for most of the time between the trial and August 1, when the petition to revoke defendant's probation was filed. Therefore, he argues, his probation could not properly be revoked. We disagree.

The trial court specifically found that defendant's failure to work was wilful, and we do not believe this finding is against the manifest weight of the evidence. At the April meeting defendant was unemployed, and the space for reporting attempts to find employment was left blank. At the July and August meetings defendant was unemployed, and, despite being told that he could probably get a job at Lang Distributors, he did not apply there nor anywhere else for a job. Under these circumstances we cannot say that the court's finding was against the manifest weight of the evidence. Because defendant's failure to meet his financial obligations was caused by his wilful failure to find work, we believe defendant's probation was properly revoked.

■■ While we believe defendant's probation was properly revoked, we also believe that imposing a three-year sentence was excessive and inappropriate. The court apparently failed to consider other alternatives available to it in sentencing the defendant.

■■ There was a lapse of three months between the filing of the petition to revoke probation and the sentencing hearing. During this time the defendant made numerous efforts to secure employment and by the date of the hearing had obtained gainful employment. While the trial court felt that these efforts were made only to impress the court (and have no effect on the probation revocation), we believe that they should have been considered in imposing sentence—particularly where defendant's good faith can be measured by his future actions. Recognition of defendant's attempts is especially apt where probation is being revoked for defendant's lack of diligence in obtaining employment. Further, three years' incarceration will not help defendant's ex-wife's situation since he will be unable to pay support to her while he is in jail. Section 5—6—4(e)

of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1005—6—4(e)) presents a variety of sanctions that can be administered where there has been a violation of probation. We remand this case to the trial court for further consideration of an appropriate remedy in view of section 5—6—4(e).

Defendant's second issue is whether he should be credited with a reduction in his fine due to the time served in jail prior to conviction. Defendant was arrested on November 9, 1978, and was not released until November 21, 1978. Section 110—14 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1979, ch. 38, par. 110—14) provides:

> "Any person incarcerated on a bailable offense who does not supply bail and against whom a fine is levied on conviction of such offense shall be allowed a credit of $5 for each day so incarcerated upon application of the defendant. The clerk of the court shall notify the defendant in writing of this provision of the Act at the time he is convicted."

The State concedes that defendant should be credited with $60 towards the fine imposed, and we agree.

For the abovementioned reasons, the order of the circuit court of Kankakee County is affirmed in part and reversed and remanded in part.

Affirmed in part and reversed and remanded in part.

ALLOY, P. J., and BARRY, J., concur.