**Robert Gene BURROUGHS, Plaintiff–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

No. 55830.

Missouri Court of Appeals, Eastern District, Division Five.

May 16, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 13, 1989.

Application to Transfer Denied Aug. 1, 1989.

Henry B. Robertson, Asst. Public Defender, St. Louis, for plaintiff-appellant.

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

PER CURIAM:

This is an appeal from an order of the circuit court of St. Louis County denying appellant, Robert Gene Burrough's, motion to vacate sentence filed pursuant to Rule

29.15 without an evidentiary hearing. We affirm.

Movant's *pro se* 29.15 motion was filed on June 17, 1988. In his motion he alleged that his counsel (a) did not advise him of his constitutional rights under the Fifth Amendment before "taking the stand in his own behalf," (b) allowed the state to present evidence of other uncharged crimes, and (c) prejudicially permitted him to answer questions, regarding uncharged crimes on cross-examination. Upon the filing of his motion, the court appointed counsel to assist him. Appointed counsel filed an amended motion alleging that movant's sentence was imposed in violation of the Federal and State Constitutions in that he was denied effective assistance of counsel because counsel waived "an original objection made in a motion in limine to evidence of uncharged crimes" and by failing to object to the prosecutor's questions regarding the theft of vehicles during the course of the trial. "By allowing this questioning and testimony regarding uncharged crimes to be presented before the jury, movant's case was prejudiced in that the jury heard substantial evidence on matters collateral to the crime" for which he was charged—escape from confinement.

On October 20, 1988, the trial court issued its findings of fact and conclusions of law and order denying the motion without an evidentiary hearing. The court found (1) that "each and every allegation" in movant's original motion is conclusory and fails to state a claim upon which relief can be granted because he fails to allege how he was prejudiced, since he fails to state that "his decision to testify on his behalf would have been different had his trial counsel advised him of his Fifth Amendment rights," (2) counsel cannot be found to be ineffective since "he filed a motion in limine.", and (3) movant failed to state what prejudicial remarks or questions "he is referring to and utterly fails to establish how he was prejudiced thereby." As to the amended motion filed by counsel, the court found that the points raised in this motion are conclusory and that even if the allegations in the amended motion are true, the conduct of counsel "does not rise to the level of ineffective assistance." Specifically, the court found that counsel did file a motion in limine prior to trial and, as to permitting movant to answer questions regarding uncharged crimes, the motion failed to state the facts or "how he was prejudiced thereby."

In due time, movant appealed.

On appeal, movant contends that the trial court erred in denying his motion without an evidentiary hearing, contending that his trial counsel was ineffective because counsel, both before and during trial, failed to protect his constitutional privilege against self-incrimination regarding the admissibility of the theft of automobiles for which he was not convicted.

Movant was charged, convicted and sentenced to ten years for the offense of escape from confinement. The pertinent facts may be found in *State v. Burroughs,* 729 S.W.2d 571 (Mo.App.1987) which affirmed the conviction. Movant was captured in Arkansas, and in the course of his escape used two vehicles, one of which was obtained in Cape Girardeau.

Prior to trial, movant's counsel formally moved in limine to suppress any evidence of the "defendant's involvement in the motor vehicle thefts in Fenton and Cape Girardeau, in that that's evidence of crimes not being charged in the present matter." The prosecutor opposed the motion because it was within the common scheme or plan exception to the admissibility of other offenses "in terms of the jail escape." The court overruled the motion in limine. In the trial, appellant testified. During his cross-examination, movant was asked if, in fact he was captured in a stolen vehicle in Arkansas. Movant answered "yes, sir," but immediately counsel objected, approached the bench and objected "based on my motion to suppress any evidence concerning the theft in Cape Girardeau." Certain other questions were asked, counsel objected and requested the court to have a conference with movant. The request was granted. On the record counsel informed the court that he wanted a conference to tell appellant "not to answer any more

questions on the 5th Amendment ground.... It was my advice to Mr. Burroughs that they could always charge the theft of [the vehicle] until the Statute of Limitations runs." Counsel asked movant if he understood "his 5th Amendment right to remain silent." Movant replied in the affirmative. The court then stated that if the witness "indicates he is taking the 5th Amendment and does not intend to testify then, obviously we are going to stop...."

Our review is limited. "Appellate review of the trial court's action on the motion filed under this Rule 29.15 shall be limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 29.15(j). The trial court's findings, conclusions and order are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Foster v. State,* 748 S.W.2d 903, 905 (Mo.App.1988); *Moton v. State,* 772 S.W.2d 689 (Mo.App.1989); *Richardson v. State,* 719 S.W.2d 912, 915 (Mo.App.1986); *Armour v. State,* 741 S.W.2d 683, 688 (Mo.App.1987).

■ The legal principles relative to granting or denying an evidentiary hearing on a motion to vacate and the standards relating to ineffectiveness of counsel are clear. Under Rule 29.15, no evidentiary hearing is required "if the court shall determine the motion and the files and records of the case conclusively show that the movant is entitled to no relief." In order to be entitled to an evidentiary hearing the movant must (1) allege facts, not conclusions, which, if true would warrant relief, (2) these facts must raise matters not refuted by the files, and record in the case, and (3) the matters complained of must have resulted in prejudice to the movant's defense. *Thomas v. State,* 736 S.W.2d 518, 519 (Mo.App.1987); *Boggs v. State,* 742 S.W.2d 591, 594 (Mo.App.1987); *Haliburton v. State,* 546 S.W.2d 771, 773 (Mo.App.1977).

■ In order to prevail on a claim of ineffectiveness of assistance of counsel, a criminal defendant must show (1) that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances and (2) that he was thereby prejudiced. *Sanders v. State,* 738 S.W.2d 856 (Mo. banc 1987); *Grubbs v. State,* 760 S.W.2d 115, 117 (Mo. banc 1988). The movant must make both showings. "A movant must satisfy *both* the performance prong and the prejudice prong to prevail on an ineffectiveness of counsel claim." *Sanders v. State, supra,* 738 S.W.2d at 857. (Emphasis in original). To prevail, the movant has a heavy burden. The trial court, on a claim of ineffectiveness of counsel, must consider the totality of the circumstances. *Strickland v. Washington,* 466 U.S. 668, 691, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984).

■ Under these principles, we hold that the order of the trial court is not clearly erroneous. We have reviewed the entire record and conclude that the allegations made in the original and amended motions are conclusory and are refuted by the record.

The court did not err in ruling on movant's *pro se* motion in holding that the motion stated conclusions, failed to show prejudice, and failed to show that counsel was ineffective. Neither did the court err in ruling on the amended motion, finding that even if the allegations were true, the conduct of counsel did not rise to the level of ineffectiveness.

Prior to trial, counsel for movant filed a motion in limine to suppress any evidence relating to the movant's alleged involvement in the motor vehicle thefts following his escape from confinement. And during the trial substantial and proper objections were made by counsel concerning the theft of the Cape Girardeau vehicle. Defense counsel made a record showing that it was his "advice" that there was a possibility of a charge of stealing the vehicle and questioned movant as to whether he understood his Fifth Amendment rights.

Trial counsel's conduct did not so undermine the proper functioning of the adversarial process, and acted within the reasonable prevailing professional norms, "skill and diligence that a reasonably competent

attorney would exercise under similar circumstances." *Thomas v. Lockhart,* 738 F.2d 304, 307 (8th Cir.1984); *Richardson v. State, supra,* 719 S.W.2d at 915; *Seales v. State,* 580 S.W.2d 733 (Mo. banc 1979). The record indicates that counsel made reasonable and adequate efforts to protect movant's rights.

We have reviewed the authorities relied upon by appellant and conclude they are not controlling in this proceeding.

In *People v. Yantis,* 125 Ill.App.3d 767, 81 Ill.Dec. 17, 466 N.E.2d 603 (1984), while it was held that counsel was ineffective in a probation revocation proceeding, counsel permitted defendant to testify when there was no tactical advantage to do so and without defendant's testimony there was no proof of failing to comply with financial obligations imposed by the sentence. *State v. Green,* 236 S.W.2d 298 (Mo.1951); and *Ray v. State,* 644 S.W.2d 663 (Mo.App. 1982) relied upon by movant are inapposite.

We, therefore, conclude that the findings, conclusions and order of the trial court are not clearly erroneous and affirm the judgment.

Judgment affirmed.

All the Judges concur.