THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. GARY DON MARTIN, Defendant-Appellee.

Fourth District   No. 4—91—0432

Opinion filed February 28, 1992.

Craig H. DeArmond, State's Attorney, of Danville (Kenneth R. Boyle, Robert J. Biderman, and James Majors, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Robert E. McIntire, Public Defender, of Danville (Jeffrey N. Aldag, Assistant Public Defender, of counsel), for appellee.

JUSTICE STEIGMANN delivered the opinion of the court:

This appeal presents the issue of whether the State may call a defendant to testify at a probation revocation hearing to elicit testimony which would show that defendant had violated conditions of his probation but which would not incriminate him in any other proceedings. We hold that the State may do so.

## I. FACTS

In January 1989, defendant, Gary Martin, pleaded guilty to driving while under the influence of alcohol and driving while his driver's license was suspended (Ill. Rev. Stat. 1989, ch. 95½, pars. 11—501(a)(2), 6—303(a)). In July 1989, the trial court sentenced defendant to one year's probation on each charge, subject to various conditions, including that he support his two children.

In May 1990, with the agreement of the parties, the trial court extended both of defendant's probationary sentences through January 12, 1991. The court again imposed as a condition of his probation that he support his two dependent children.

In November 1990, the State filed a petition to revoke defendant's probation which alleged in part that he had violated the terms of his probation by failing to support his two children. In April

1991, the trial court conducted a hearing on this petition, and the State called defendant to testify, apparently to show through his testimony that he had failed to support his children. Defendant objected, claiming that his fifth amendment privilege against self-incrimination prohibited the State from calling him as a witness. (See U.S. Const., amend. V.) The trial court continued the hearing and received written arguments from the parties. The court ultimately sustained defendant's objection. The State filed a certificate of impairment and brings this appeal.

## II. APPEALABILITY OF TRIAL COURT'S RULING

This court first must determine whether we have jurisdiction of this appeal under Supreme Court Rule 604(a)(1), which reads as follows:

> "*When State May Appeal.* In criminal cases the State may appeal only from an order or judgment the substantive effect of which results in dismissing a charge for any of the grounds enumerated in section 114—1 of the Code of Criminal Procedure of 1963; arresting judgment because of a defective indictment, information or complaint; quashing an arrest or search warrant; or suppressing evidence." 134 Ill. 2d R. 604(a)(1).

An unusual feature of this appeal is that the trial court's action which the State here challenges occurred midtrial, not as the result of some pretrial ruling. In *People v. Davidson* (1983), 116 Ill. App. 3d 164, 165, 451 N.E.2d 978, 979, the court also dealt with the State's appeal of a midtrial order; in that case, the order barred the State from using handwriting exemplars the State obtained from the defendant. In *Davidson* the trial court had granted defendant's motion to bar use of the exemplars on the ground that excerpts from some of the letters defendant was compelled to write violated his fifth amendment rights. (*Davidson*, 116 Ill. App. 3d at 165, 451 N.E.2d at 979.) The State appealed that ruling, and defendant challenged the State's right to do so. The court in *Davidson* rejected defendant's challenge, citing *People v. Flatt* (1980), 82 Ill. 2d 250, 264, 412 N.E.2d 509, 516 (State must be permitted a review of authority of trial court to enter midtrial suppression order which substantially impairs State's ability to prosecute the case), among other authorities. The *Davidson* court provided the following analysis:

> "The rule which thus emerges from the cases is that a motion based on criteria relating to the perceived truthfulness, reliability, or relevance of the proffered evidence '*excludes*'

evidence \*\*\*; a motion which is based on public policies forbidding the use of certain evidence despite its relevance and apparent trustworthiness '*suppresses*' evidence \*\*\*." (Emphasis added.) *Davidson*, 116 Ill. App. 3d at 170, 451 N.E.2d at 983.

In *People v. Smith* (1987), 151 Ill. App. 3d 922, 925, 503 N.E.2d 584, 586, the court cited the above quotation from *Davidson* approvingly and held that the State could appeal a midtrial order barring it from eliciting testimony about how the defendant in that case, a truck driver, had assisted a State Police officer with a tape measure as the officer measured the axle length of defendant's truck. The apparent basis of the trial court's ruling was that defendant's participation in measuring the axle violated his right not to be forced to participate in the gathering of physical evidence against him. *Smith*, 151 Ill. App. 3d at 925, 503 N.E.2d at 585.

■■ We agree with the foregoing authority and conclude that the trial court's sustaining defendant's objection to the State's attempt to call him to the witness stand was based upon defendant's claimed exercise of a constitutional right, as opposed to a mere evidentiary ruling. In other words, the trial court's action barring the State from calling defendant to the witness stand had nothing to do with the "perceived truthfulness, reliability, or relevance" of his testimony; instead, that action was "based on public policies forbidding the use of certain evidence despite its relevance and apparent trustworthiness." (*Davidson*, 116 Ill. App. 3d at 170, 451 N.E.2d at 983.) Accordingly, we hold that the State may bring this appeal under Supreme Court Rule 604(a)(1).

### III. APPLICABILITY OF FIFTH AMENDMENT TO PROBATION REVOCATION PROCEEDINGS

In its written ruling, the trial court explained the issue before it as whether defendant's fifth amendment privilege applies at probation revocation hearings,

> "as to questions which would not incriminate the Defendant as to non-criminal acts. There is no question posed that the Defendant would be entitled to raise the privilege if he were asked questions that might tend to incriminate him on a subsequent offense or other offenses. The issue here is whether statements can be elicited from the Defendant which would tend to cause a revocation of his \*\*\* probation but not cause him to be prosecuted in other proceedings."

In *People v. Yantis* (1984), 125 Ill. App. 3d 767, 769, 466 N.E.2d 603, 604, the State called the defendant as its only witness at the hearing on the State's petition to revoke defendant's probation. The State's petition alleged that he had failed to comply with the conditions of his probation that he pay restitution, costs, and a fine. On the basis of defendant's testimony, the trial court ruled that he had violated the terms of his probation and resentenced defendant accordingly. *Yantis*, 125 Ill. App. 3d at 768, 466 N.E.2d at 604.

On appeal, the defendant in *Yantis* contended that he was denied effective assistance of counsel because his attorney did not object when the State called him to testify as its sole witness. In order to resolve that claim, this court in *Yantis* wrote that "[a] preliminary inquiry must be made as to whether the fifth amendment privilege exists at a probation revocation hearing." (*Yantis*, 125 Ill. App. 3d at 769, 466 N.E.2d at 604.) Ultimately, this court concluded that such a privilege does exist at probation revocation hearings. *Yantis*, 125 Ill. App. 3d at 769, 466 N.E.2d at 605.

Contemporaneously with the decision of this court in *Yantis*, the United States Supreme Court, in *Minnesota v. Murphy* (1984), 465 U.S. 420, 79 L. Ed. 2d 409, 104 S. Ct. 1136, addressed the issue of whether the fifth amendment applied to prohibit the introduction into evidence in a subsequent criminal prosecution of admissions made by defendant to his probation officer. The Court held that if questions put to the probationer, however relevant they might be to his probationary status, call for answers that would incriminate him in a pending or later criminal prosecution, then a fifth amendment right against self-incrimination would likely attach. (*Murphy*, 465 U.S. at 435, 79 L. Ed. 2d at 424-25, 104 S. Ct. at 1146.) In footnote 7, however, the Court noted the following:

> "The situation would be different if the questions put to a probationer were relevant to his probationary status and posed no realistic threat of incrimination in a separate criminal proceeding. *** Neither, in our view, would the privilege be available on the ground that answering such questions might reveal a violation of [a probationary] requirement and result in the termination of probation. Although a revocation proceeding must comport with the requirements of due process, it is not a criminal proceeding." *Murphy*, 465 U.S. at 435 n.7, 79 L. Ed. 2d at 425 n.7, 104 S. Ct. at 1146 n.7.

Two years after its decision in *Murphy*, the Supreme Court, in *Allen v. Illinois* (1986), 478 U.S. 364, 92 L. Ed. 2d 296, 106 S. Ct.

2988, dealt with the question of whether proceedings under the Illinois Sexually Dangerous Persons Act (Ill. Rev. Stat. 1985, ch. 38, par. 105—1.01 *et seq.*) were "criminal" within the meaning of the fifth amendment's guarantee against compulsory self-incrimination. In the course of resolving that issue, the Court referred to its decision in *Murphy* and wrote the following:

> "Only two Terms ago, in *Minnesota v. Murphy*, 465 U.S. at 435, n. 7, this Court stated that a person may not claim the privilege merely because his answer might result in revocation of his probationary status. \*\*\*
>
> \*\*\*
>
> \*\*\* We therefore cannot say that the conditions of petitioner's confinement themselves amount to 'punishment' and thus render 'criminal' the proceedings which led to confinement." *Allen*, 478 U.S. at 372-74, 92 L. Ed. 2d at 307, 106 S. Ct. at 2994.

In *People v. Davis* (1991), 216 Ill. App. 3d 884, 576 N.E.2d 510, the court addressed defendant's argument that the trial court erred in revoking her probation based on its finding that she wilfully failed to pay restitution. In the course of discussing the evidence presented regarding that charge, the court wrote the following:

> "We note that the State did not call defendant as a witness to elicit [defendant's explanation of her failure to pay restitution]. See *Minnesota v. Murphy* (1984), 465 U.S. 420, 435-36 n.7, 79 L. Ed. 2d 409, 424-25 n.7, 104 S. Ct. 1136, 1146-47 n.7 (compelling probationer to appear to discuss noncriminal violations of probation does not offend the privilege against self-incrimination); 3 W. LaFave & J. Israel, Criminal Procedure §25.4, at 164 (1984). Contra *People v. Yantis* (1984), 125 Ill. App. 3d 767, 466 N.E.2d 603 (effectively overruled by *Murphy*)." *Davis*, 216 Ill. App. 3d at 889-90, 576 N.E.2d at 514.

As noted by *Davis*, Professor LaFave has written on the issue before this court, as follows:

> "The Supreme Court has interpreted the Fifth Amendment privilege against self-incrimination to mean that a defendant in a criminal case may decline to take the stand at all, while a witness in other proceedings must take the stand but may decline to answer particular questions which would tend to incriminate him in a future criminal prosecution. This means that the probationer may be called by the government as a witness in a revocation proceeding because it is not a crimi-

nal prosecution, and also that the defendant may be required to testify regarding his noncriminal conduct even if it amounts to a probation violation or else have his refusal considered against him." 3 W. LaFave & J. Israel, Criminal Procedure §25.4, at 164 (1984).

■ We agree with the above authority and hold, as did *Davis*, that *Murphy* overruled *Yantis*. Accordingly, we hold that consistent with the fifth amendment to the United States Constitution, the State may call a defendant to testify at a probation revocation hearing to elicit testimony which would show that the defendant had violated conditions of his probation but which would not incriminate him in any other proceedings.

## IV. APPLICABILITY OF SECTION 155–1

Defendant last argues that the State is barred from calling him as a witness in a proceeding to revoke his probation by the provisions of section 6 of "An Act to revise the law in relation to criminal jurisprudence" (Ill. Rev. Stat. 1989, ch. 38, par. 155–1). That section reads as follows:

> "No person shall be disqualified as a witness in any criminal case or proceeding by reason of his or her interest in the event of the same, as a party or otherwise, or by reason of his or her having been convicted of any crime; but such interest or conviction may be shown for the purpose of affecting the credibility of the witness: Provided, however, that a defendant in any criminal case or proceeding shall only at his or her own request be deemed a competent witness, and the person's neglect to testify shall not create any presumption against the person, nor shall the court permit any reference or comment to be made to or upon such neglect." Ill. Rev. Stat. 1989, ch. 38, par. 155–1.

■ This statute, which was part of Illinois' original 1874 criminal code, has its roots in the 1600's and was designed to ameliorate the common law rule prohibiting parties as witnesses in criminal cases. (See *Ferguson v. Georgia* (1961), 365 U.S. 570, 597, 5 L. Ed. 2d 783, 799, 81 S. Ct. 756, 770-71 (appendix).) We note that the recent addition of section 115–14 to the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1989, ch. 38, par. 115–14) renders totally obsolete the previously archaic provisions contained in section 6. In any event, we hold that no construction of section 6 permits the result that defendant here asks us to reach, namely, that section 6 bars the State from calling a defendant to testify at a proceeding to

revoke his probation. If the General Assembly, as the policy-making body for the State of Illinois, deems the result in this case too harsh and wishes to bar the State from calling a defendant to testify at a proceeding to revoke his probation, it may so legislate.

For the reasons stated, we reverse the trial court's order barring the State from calling defendant to the witness stand at his probation revocation proceeding, and we remand this matter for further proceedings consistent with the views expressed herein.

Reversed and remanded.

GREEN, P.J., and KNECHT, J., concur.