THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. EARL McNAIRY, Defendant-Appellant.

Second District    No. 2—98—0682

Opinion filed December 15, 1999.

G. Joseph Weller and Bruce Kirkham, both of State Appellate Defender's Office, of Elgin, for appellant.

Joseph E. Birkett, State's Attorney, of Wheaton (Martin P. Moltz and Marshall M. Stevens, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McLAREN delivered the opinion of the court:

Defendant, Earl McNairy, appeals from the trial court's order revoking his probation and sentencing him to a two-year prison term for theft (720 ILCS 5/16—1(a)(2)(A) (West 1994)). On appeal, defendant argues that the trial court improperly ordered him to testify as the State's adverse witness in the probation revocation proceeding. Defendant contends that article I, section 10, of the Illinois Constitution (Ill. Const. 1970, art. I, § 10) confers a privilege against self-incrimination that extends to noncriminal probation violations. Defendant also contends that the State did not sufficiently prove that he violated his probation. We affirm.

Defendant pleaded guilty to a charge of theft and was sentenced to 30 months' probation and 120 days' imprisonment. On May 31, 1996, defendant admitted a probation violation, and the trial court sentenced him to 180 days' imprisonment and continued probation. Each month, defendant was required to report to his probation officer, Marvelle Vonderohe.

On July 1, 1997, the State filed a second probation revocation petition, alleging that defendant failed to report from January 1997 to May 1997. At the revocation hearing, the State called defendant, over his objection, as an adverse witness. Defendant testified only that he could not remember whether he contacted the probation office during that period.

Vonderohe testified that on June 10, 1996, she explained the probation reporting requirements to defendant and told him that he must

receive permission before leaving the state. Vonderohe also testified that she did not communicate with defendant from January to May 1997. In July 1997, defendant told Vonderohe that he had left her a voice mail message in July 1996 detailing his plans to go to Mississippi to visit a relative who was ill.

Defendant then testified on his own behalf and admitted that he went to Mississippi in July 1996 and returned in June 1997. Although he left Illinois without receiving Vonderohe's permission, he denied knowing that he violated his probation when he did so. Defendant also claimed that he left Vonderohe a July 1996 voice mail message detailing his plans to go to Mississippi. Vonderohe testified in rebuttal that she reviewed with defendant the standard terms of probation, including restrictions on out-of-state travel, before defendant left the state.

The trial court found the petition to revoke was proved by a preponderance of the evidence. Defendant's motion for a new hearing was denied, and the court resentenced defendant to a term of two years in the Department of Corrections. This appeal followed.

■ Defendant contends that he was denied a fundamentally fair revocation hearing because he was forced to testify as a witness for the State. In a probation relocation proceeding, the State must establish, by a preponderance of the evidence, that the defendant violated a condition of his probation. *People v. Davis*, 216 Ill. App. 3d 884, 888 (1991). A probationer is entitled to due process of law at a probation revocation hearing; however, only "minimum requirements" of due process need be applied. *People v. Kruszyna*, 245 Ill. App. 3d 977, 980 (1993). These "minimum requirements" include an opportunity for the probationer to.be heard, present evidence, confront witnesses, and be represented by counsel—in other words, a fair determination that the acts that formed the basis for the revocation petition did occur and that fairness be accorded a probationer during the proceeding. *Kruszyna*, 245 Ill. App. 3d at 981.

■ The United States Supreme Court has determined that compelling a probationer to testify as to criminal violations of probation does not offend the privilege against self-incrimination contained in the fifth amendment to the United States Constitution (U.S. Const., amend. V). See *Minnesota v. Murphy*, 465 U.S. 420, 79 L. Ed. 2d 409, 104 S. Ct. 1136 (1984). This state, at about the same time, had held that probation revocation proceedings were criminal in nature, albeit with a lesser burden of proof, and, therefore, a defendant could not be called to testify against himself in such a proceeding. See *People v. Yantis*, 125 Ill. App. 3d 767, 771 (1984). However, this court commented that *Yantis* was "effectively overruled by *Murphy*." See *Davis*, 216 Ill. App. 3d at 890. Later, the appellate court explicitly stated

"that consistent with the fifth amendment to the United States Constitution, the State may call a defendant to testify at a probation revocation hearing to elicit testimony which would show that the defendant had violated conditions of his probation but which would not incriminate him in any other proceedings." *People v. Martin*, 226 Ill. App. 3d 753, 759 (1992).

■ The Illinois Constitution, similar to the fifth amendment to the United States Constitution, provides that "[n]o person shall be compelled in a criminal case to give evidence against himself." Ill. Const. 1970, art. I, § 10. Appellate courts have disagreed as to whether a probation revocation hearing is a criminal case. See *People v. Bell*, 296 Ill. App. 3d 146, 148 (1998) (probation revocation proceeding is "noncriminal"); *Yantis*, 125 Ill. App. 3d at 771 (proceeding is "still criminal"). The term "criminal case" has been interpreted to mean any case or proceeding, criminal, civil, or quasi-criminal, in which a person's testimony might tend to convict him of a criminal offense or subject him to a fine or incarceration. *People v. Davis*, 11 Ill. App. 3d 775, 779 (1973). We agree with this definition. A probation revocation hearing can have a profound impact on the life, liberty, and property of the defendant. See *People v. Pier*, 51 Ill. 2d 96, 100 (1972). Upon a finding that the terms of probation have been violated, a defendant may be resentenced to any disposition that was available at the time of the initial sentencing. 730 ILCS 5/5—6—4 (West 1998). Thus, a defendant resentenced after a probation revocation hearing could end up with additional fines, in jail, or, as here, in prison. A proceeding with such results requires more than the "minimum requirements" of due process. Clearly, a defendant's testimony in a probation revocation hearing might subject him to a fine or incarceration. Therefore, the protections afforded under article I, section 10, of the Illinois Constitution apply to a probation revocation proceeding. Accordingly, a defendant may not be called as a witness by the State to testify against himself in such a proceeding. Here, the trial court erred in allowing the State to call defendant to testify as an adverse witness.

However, in this case, the error was harmless. Defendant's testimony when called by the State was vague and did not actually implicate defendant in a probation violation. The testimony given by Vonderohe was sufficient for the court to find a violation of the probation rules. Therefore, we affirm the trial court's judgment in this case.

The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

GEIGER and RAPP, JJ., concur.