NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 221065-U

NO. 4-22-1065

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
January 23, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Livingston County |
| TABITHA VEGA, | ) | No. 19DT113 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Sarah R. Duffy, |
| | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Presiding Justice Turner and Justice Knecht concurred in the judgment.

**ORDER**

¶ 1     *Held*:  The appellate court affirmed, finding defendant forfeited her claim the circuit
                court shifted the burden of proof at her revocation hearing, and, alternatively,
                failed to establish plain error occurred.

¶ 2     The circuit court sentenced defendant, Tabitha Vega, to 24 months of court

supervision after she pleaded guilty to driving under the influence (625 ILCS 5/11-501(a)(5)

(West 2020)). The State filed petitions to revoke the court supervision under section 5-6-4 of the

Unified Code of Corrections (730 ILCS 5/5-6-4 (West 2022)), which the court granted. It

resentenced defendant to 24 months of conditional discharge and a term of 60 days in county jail,

stayed.

¶ 3     Defendant appeals, arguing the circuit court improperly shifted the burden of

proof to her by its remarks during the revocation hearing. We affirm.

¶ 4                                I. BACKGROUND

¶ 5         We begin by noting the record of proceedings consists of two bystander's reports—one from the August 11, 2022, hearing on the State's petition to revoke court supervision, and one from the October 6, 2022, sentencing hearing. Both reports were prepared by defendant's counsel in the circuit court, to which the assistant state's attorney and the presiding judge have affixed their signatures.

¶ 6         On September 9, 2021, defendant pleaded guilty to driving under the influence and received a sentence of 24 months of court supervision. The circuit court ordered "[d]efendant shall not possess or consume any substance containing alcohol" and advised defendant that failure to comply with the supervision order may lead to the revocation of her supervision.

¶ 7         From January 5 to June 1, 2022, the State filed six petitions to revoke defendant's supervision, each citing separate incidents of noncompliance either by confirmed alcohol consumption or confirmed events of tampering with the device itself. On August 11 and August 19, 2022, defendant appeared in court for an evidentiary hearing on the State's petitions.

¶ 8         Justin Hunter had been a Livingston County probation officer for five years. Hunter testified he supervised defendant's alcohol monitoring program until October 18, 2021. During that time the monitoring equipment switched from a Secure Continuous Remote Alcohol Monitoring (SCRAM) Remote Breath device to a SCRAM Continuous Alcohol Monitoring device. The provider of the monitoring devices was Total Court Services. Hunter testified defendant informed him of her medical condition and use of medication containing alcohol.

Defendant told him of using Biofreeze and a hand sanitizer. She provided him with a prescription bottle but never provided a doctor's note as he requested.

¶ 9 Kayla Harder, a Livingston County probation officer for 10 years, supervised defendant since November of 2021. She testified defendant told her about using Biofreeze in two incidents of noncompliance and did not respond to her inquiries in March and April 2022.

¶ 10 Joshua Dunkel, a regional manager of Total Court Services with two levels of SCRAM training, testified that the SCRAM device was placed on defendant's ankle. It took readings of defendant's blood alcohol level and two other readings indicating whether the device was being worn or obstructed from the skin. After an initial baseline reading, it collected a sample every 30 minutes from defendant. When the readings show noncompliance by consumption of alcohol, it produces a noncompliance report. The State introduced five exhibits of readings showing defendant's elevated blood alcohol levels, which were admitted, apparently without objection. Based on his training and experience, Dunkel testified it was his opinion defendant consumed a substance containing alcohol. He explained how, if defendant spilled alcohol on her skin in the area of the SCRAM device, there would have been a sudden extremely high blood alcohol content reading. In addition, he testified the absorption and elimination rate of isopropyl alcohol in topical medicine is very different from ethyl alcohol that is consumed. Dunkel admitted the device detects both types of alcohol but does not differentiate between the two.

¶ 11 Defendant testified she had multiple medical conditions and took prescription medications. Defendant testified she used two topical medications, Biofreeze and Voltarin, for pain and to reduce the swelling in her ankles caused by her medication. She used these medications every day and took a footbath three times a week. She said Biofreeze and Voltarin

contain isopropyl alcohol. Defendant denied consuming alcohol in every instance where the SCRAM device recorded noncompliance by the consumption of alcohol before she stopped responding to probation in February 2022. Defendant testified she submitted an aftercare visit summary to her probation officer in late 2021 or early 2022. Defendant admitted she stopped answering calls from the probation officer since February 2022.

¶ 12        The circuit court found the State met its burden of proving defendant violated the terms of her supervision by a preponderance of the evidence. According to the bystander's report, "The Court ruled that Mr. Dunkel's testimony regarding how the SCRAM device worked, including that topical lotions and creams have different absorption and elimination rates, was not refuted by Defendant. Further, the Defendant provided no evidence that the lotions and creams she uses caused the positive test results."

¶ 13        On October 13, 2022, the circuit court sentenced defendant to 24 months' conditional discharge, with a 60-day jail sentence stayed. The court further ordered the SCRAM device removed and existing fines and costs remained in effect. In the motion to reconsider the sentence, defendant argued the court imposed an excessive sentence and failed to consider several factors in mitigation. The court denied the motion.

¶ 14        This appeal follows.

¶ 15                            II. ANALYSIS

¶ 16        Defendant argues the circuit court improperly shifted the burden of proof and, therefore, denied her a fair hearing on the State's petition to revoke. The State responds defendant forfeited this issue by failing to raise it in her postsentencing motion. In the alternative, the State argues the court did not improperly shift the burden. We agree with the State.

¶ 17                                              A. Forfeiture

¶ 18          To preserve an issue for appeal, both an objection and a written posttrial motion raising the issue are required. *People v. Enoch*, 122 Ill. 2d 176, 186, 522 N.E.2d 1124, 1130 (1988). "Failure to do either results in forfeiture." *People v. Sebby*, 2017 IL 119445, ¶ 48, 89 N.E.3d 675. "When a defendant has forfeited appellate review of an issue, the reviewing court will consider only plain error." *People v. Thompson*, 238 Ill. 2d 598, 611, 939 N.E.2d 403, 412 (2010).

¶ 19          The forfeiture rule must logically be applied to probation and, similarly, supervision revocation proceedings. *People v. Turner*, 233 Ill. App. 3d 449, 452, 599 N.E.2d 104, 107 (1992). We find *People v. Rathbone*, 345 Ill. App. 3d 305, 802 N.E.2d 333 (2003), illustrative. There, the defendant failed to raise a claim in his postsentencing motion after his probation was revoked. *Rathbone*, 345 Ill. App. 3d at 308. This court concluded the forfeiture rule applied to the defendant's claim and noted it was precisely the type of claim the forfeiture rule was intended to bar from review. *Rathbone*, 345 Ill. App. 3d at 310. The underlying rationale was the defendant's failure to raise the issue denied the circuit court the opportunity to either (1) acknowledge its mistake and correct the sentence or (2) explain how the court did not improperly sentence the defendant. *Rathbone*, 345 Ill. App. 3d at 310. This way the reviewing court is not required to speculate on the basis for the court's sentence. *Rathbone*, 345 Ill. App. 3d at 310. This analysis is equally true here. Had the claim been raised before the circuit court, the court could have either acknowledged its error and corrected it or explained what was intended by the comment of which defendant now complains. In fact, it is more critical here, where, without a transcript, we are left to speculate about what the court said.

¶ 20    On appeal, defendant argues as if the circuit court said, "the State's evidence was not refuted by defendant" and defendant "provided no evidence." But the bystander's report, prepared by defendant's counsel, does not say that. If defense counsel placed as much weight as appellate counsel does on the words "was not refuted by Defendant," and defendant "provided no evidence," it is reasonable to conclude he would have put them in quotation marks. Instead, when read in context, it is just as reasonable to conclude it was a characterization of the import of the court's comments—that the State's evidence was sufficient, and defendant had presented nothing to detract from the weight of the State's case. This is not burden-shifting. It is a circuit court properly weighing the evidence before it and noting the absence of a credible, innocent explanation, since defendant denied consuming alcohol and relied heavily on what she said were alcohol-based topical medicines.

¶ 21    Here, defendant did not object contemporaneously at the hearing, nor did defendant file a motion asking the circuit court to reconsider revocation or include this issue in her motion to reconsider the sentence. Again, in the bystander's report, there is no mention of it. Therefore, we find based on the record available to us, defendant has forfeited the issue of burden shifting as an issue on appeal. *Rathbone*, 345 Ill. App. 3d at 309-10. However, forfeiture is a limitation on the parties, not on the court, and we may exercise our discretion to review otherwise forfeited issues. *People v. Rajner*, 2021 IL App (4th) 180505, ¶ 23, 189 N.E.3d 472 (quoting *People v. Curry*, 2018 IL App (1st) 152616, ¶ 36, 100 N.E.3d 482).

¶ 22                                  B. Plain Error

¶ 23    Plain error is also a well-established exception to forfeiture. *Sebby*, 2017 IL 119445, ¶ 48. The reviewing courts find plain error (1) when "a clear or obvious error occurred and the evidence is so closely balanced that the error alone threatened to tip the scales of justice

against the defendant, regardless of the seriousness of the error" or (2) when "a clear or obvious error occurred and that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." (Internal quotation marks omitted.) *Sebby*, 2017 IL 119445, ¶ 48. "The initial analytical step under either prong of the plain error doctrine is determining whether there was a clear or obvious error." *Sebby*, 2017 IL 119445, ¶ 49.

¶ 24    This court has held, at probation revocation hearings, the State needs to prove a violation of probation by a preponderance of the evidence. *People v. Lindsey*, 319 Ill. App. 3d 586, 590, 746 N.E.2d 308, 312 (2001). "[T]he [circuit] court is presumed to know the law and apply it properly." *People v. Howery*, 178 Ill. 2d 1, 32, 687 N.E.2d 836, 851 (1997). "That presumption, however, may be rebutted when the record contains strong affirmative evidence to the contrary." *People v. Cameron*, 2012 IL App (3d) 110020, ¶ 28, 977 N.E.2d 909. Whether the court applied the correct legal standard is a question of law, subject to *de novo* review. *Cameron*, 2012 IL App (3d) 110020, ¶ 26. Therefore, to determine whether there was a clear or obvious error, the specific question is whether the record contains strong affirmative evidence that the court improperly shifted the burden of proof to defendant.

¶ 25    Defendant based her contention of burden shifting on comments cited from the bystander's report, as follows: "[t]he Court ruled that Mr. Dunkel's testimony regarding how the SCRAM device worked, including that topical lotions and creams have different absorption and elimination rates, was not refuted by Defendant. Further, the Defendant provided no evidence that the lotions and creams she uses caused the positive test results."

¶ 26    *People v. Schuit*, 2016 IL App (1st) 150312, ¶¶ 113-114, 67 N.E.3d 890, is analogous here. There, at the bench trial of a shaken baby case, the circuit court commented on

the defense experts' failure to rule out nonaccidental injury. *Schuit*, 2016 IL App (1st) 150312, ¶ 114. The court made the comment when it rejected one of the expert's theories by giving more weight to the testimony of the doctors who personally examined the victim. *Schuit*, 2016 IL App (1st) 150312, ¶ 114. The court's comments that a defense expert failed to rule out nonaccidental death was not found to be burden shifting, but instead demonstrative of the court's careful weighing of the evidence. *Schuit*, 2016 IL App (1st) 150312, ¶ 114. The court found the record was clear. It commented on the defense theories and evidence but knew and properly applied the burden of proof. *Schuit*, 2016 IL App (1st) 150312, ¶ 114.

¶ 27　　　　The same is true here. Defendant chose to present the theory that her use of topical medicine caused the readings in the noncompliance reports. Having done so, the circuit court is free to, and must, weigh defendant's evidence against that presented by the State. Dunkel's testimony of different absorption rates between alcohol from topical medicine and consumption rebutted this theory. It is clear from the bystander's report the court "found that the State had met their burden by a preponderance of the evidence and that Defendant had violated the terms of the Order of Supervision." More importantly, we do not have the words of the court to rely on. Instead, we have a bystander's report, which has made no effort to identify the language of the court as a quote. At best, we have defense counsel's characterization of the court's comments, and now, on appeal, this characterization is argued as a quotation. Without a transcript or effort by appellate counsel to present the court's comments verbatim, when taken in context, even the characterization of the court's comments supports a conclusion it was properly weighing the evidence presented by the parties. Further, it is defendant's burden to provide this court with an adequate record, and any deficiency in the record is construed against the

defendant. *People v. Fernandez*, 344 Ill. App. 3d 142, 160, 799 N.E.2d 944, 951 (2003). We conclude the court's comments cannot be construed as improper burden shifting.

¶ 28 Because there was no strong affirmative evidence that the circuit court improperly shifted the burden of proof to defendant, no clear and obvious error occurred. Therefore, we find no plain error.

¶ 29                                    III. CONCLUSION

¶ 30 For the foregoing reasons, we affirm the circuit court's judgment.

¶ 31 Affirmed.